Case 1:20-cr-00121-CJN   Document 1-1   Filed 04/23/20   Page 1 of 2

Case: 1:20–mj–00068
Assigned To : Robinson, Deborah A.
Assign. Date : 4/23/2020
Description: Complaint with Arrest Warrant

## STATEMENT OF FACTS

On Wednesday, April 22, 2020, at approximately 2:59 p.m., members of the Metropolitan Police Department (MPD) Narcotics and Special Investigations Division (NSID) were conducting an observation post in the 2300 block of 15th Street Northeast in Washington, D.C. An undercover officer (UC 2268) observed an individual, later identified as Theodore Douglas (Defendant Douglas) standing in the walkway between 2315 and 2317 15th Street Northeast. An individual, later identified as Tavonte Williams (Defendant Williams), approached Defendant Douglas. Defendant Williams handed Defendant Douglas a black bag with shoulder straps. Defendant Douglas appeared to UC 2268 to be in a hurry to take off the blue jacket he was wearing, put the black bag just handed to him by Defendant Williams onto his back, and then put his blue jacket on over the black bag. After this, UC 2268 observed Defendant Douglas give Defendant Williams an unknown amount of U.S. currency, completing the exchange with a handshake. UC 2268's training and experience, as well as what appeared to be Defendant Douglas's hurried attempt to remove his jacket and conceal the backpack under the jacket, led UC 2268 to believe that Defendant Douglas had just purchased something illegal from Defendant Williams.

UC 2268 alerted other officers in the area and Officers moved in to stop both Defendant Williams and Defendant Douglas. Defendant Douglas was stopped by Officer Poupart and Defendant Williams was stopped by Officer Gabster. Both individuals stopped were positively identified by UC 2268 as the individuals observed exchanging the back pack and U.S. currency. Defendant Douglas was wearing a back pack under his jacket, as observed by UC 2268. Officer Poupart conducted an external frisk of the back pack worn by Defendant Douglas and immediately felt what he recognized to be a firearm. Officer Poupart opened the back pack and observed a firearm inside.

Defendant Williams and Defendant Douglas were placed under arrest. Defendant Douglas was also determined to have a parole violation warrant.

The firearm that was recovered from the backpack that Defendant Williams was seen handing to Defendant Douglas was determined to be a Sig Sauer, model P320, .40 caliber semiautomatic handgun with an obliterated serial number. When it was recovered, it was loaded with one (1) round in the chamber and twelve (12) rounds in and thirteen (13) round capacity magazine. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have traveled in interstate commerce.

A criminal history check of Defendant Douglas through the National Crime Information Center (NCIC) confirmed that Defendant Douglas has a prior felony conviction for Unlawful Possession of a Firearm with a Previous Conviction in the Superior Court for the District of Columbia, docket number 2013 CF2 6028. Defendant Douglas was sentenced to 18 months of incarceration for this offense. The NCIC check also confirmed that Defendant Douglas has a prior felony conviction for Carrying a Handgun in the Seventh Circuit Court for Prince George's County Maryland, docket number CT090351X. Defendant Douglas was sentenced to 36 months for this offense. Therefore, Defendant Douglas was aware at the time of his arrest in this case that he had two prior convictions for crimes that are punishable by more than one year.

Detective Kingsley of MPD reviewed the Judgement and Commitment for the Unlawful Possession of a Firearm with a Previous Conviction case concerning Defendant Douglas. Detective Kingsley also reviewed the Circuit Court for Maryland case synopsis for the Carrying a Handgun in the Seventh Circuit Court for Prince George's County Maryland conviction of Defendant Douglas. After review, Detective Kingsley relayed the information concerning the convictions and sentencings

to Officer Poupart. Detective Kingsley relayed to Officer Poupart that Defendant Douglas was sentenced to 18 months for the Unlawful Possession of a Firearm with a Previous Conviction in the Superior Court for the District of Columbia case and 36 months for the Carrying a Handgun in the Seventh Circuit Court for Prince George's County Maryland.

A criminal history check of Defendant Williams through the National Crime Information Center (NCIC) confirmed that Defendant Williams has a prior felony conviction for Unlawful Possession of Liquid PCP in the Superior Court for the District of Columbia, docket number 2015 CF2 6932. Defendant Williams was sentenced to 12 months of incarceration for this offense. The NCIC check also confirmed that Defendant Williams has a prior felony conviction for Distribution of PCP in the Superior Court for the District of Columbia, docket number 2017 CF2 287. Defendant Williams was sentenced to 20 months of incarceration for this offense, suspended as to all but six months. Both of these convictions were under the Youth Rehabilitation Act; however, neither were successfully completed and Defendant Williams did not receive the benefits of the Youth Rehabilitation Act for either conviction. Defendant Williams was aware at the time of his arrest in this case that he had two prior convictions for crimes that are punishable by more than one year.

Detective Kingsley of MPD reviewed the Judgements and Commitments for both the Unlawful Possession of Liquid PCP and the Distribution of PCP convictions for Defendant Williams. Additionally, Detective Kingsley reviewed the court order for the Unlawful Possession of Liquid PCP conviction, signed by Superior Court for the District of Columbia Judge Knowles, stating that Defendant Williams's supervision would expire for this conviction without receiving YRA benefits. Finally, Detective Kingsley reviewed the court order for the Distribution of PCP conviction, signed by Superior Court for the District of Columbia Associate Judge Raffinan that Defendant Williams's supervision would expire for this conviction without receiving YRA benefits. After review, Detective Kingsley relayed the information concerning the convictions and sentencings to Officer Poupart. Detective Kingsley relayed to Officer Poupart that Defendant Williams was sentenced to 12 months for the Unlawful Possession of Liquid PCP conviction and 20 months for the Distribution of PCP conviction. Detective Kingsley also relayed to Officer Poupart that both convictions had supervision that was terminated without the YRA benefits.

Officer Poupart was present for the recovery of the firearm and the arresting officer of Defendant Douglas and Defendant Williams.

_____
OFFICER MAXWELL POUPART
METROPOLITAN POLICE DEPARTMENT

*Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on April 23, 2020.*

_____
DEBORAH A. ROBINSON
U.S. MAGISTRATE JUDGE