UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| | :  Criminal No. 1:20-MJ-00068 (DAR) |
| | : |
| **THEODORE DOUGLAS** | : |
| _____ | |

**SUPPLEMENT TO DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO CONTINUE THE PRELIMINARY HEARING**

Theodore Douglas, by and through his attorney, respectfully opposes the government's Motion to Continue Preliminary Hearing until after the Chief Judge's Standing Order expires.

**Argument**

**I. Mr. Douglas has a right to a timely preliminary hearing and the Court should deny the government's Motion to Continue.**

After this court requested that parties work out parameters for a preliminary hearing, defense counsel proposed a preliminary hearing to the government with the following parameters:

1. The witness(es) would appear by video;

2. Defense counsel, Mr. Douglas and the court would be able to observe the witness by video;

3. Mr. Douglas would waive his right to be physically present;

4. Mr. Douglas would waive his right to confrontation, to the extent that he waives his physical presence.

The government indicated that it would oppose a preliminary hearing under any circumstances.

In the meantime, counsel has spoken to the IT chief at the Federal Defender's Office and has been in communication with the John Cramer of the District Court. Counsel understands that remote VTC is available to parties, provide they have a NVTCS account. In addition, video software, which allows screen sharing (such as Adobe Connect, Skype for Business, Cisco Jabber or Zoom.gov) could be used so that the witness could be presented documents or video evidence. Or in the alternative, each parties and the Court can have copies of the paperwork, a finite packet in a possession of firearms case. These minor inconveniences, in any event, should not trump Mr. Douglas' rights.

The government's Motion focuses primarily on the danger of an in-person hearing, in the time of social distancing. It then claims that a video hearing is impracticable, raising a few hypothetical difficulties that might arise. Such a position runs afoul of what the Chief Judge contemplated when the Standing Order was issued and what Congress authorized by statute, in addressing precisely this issue:

> VIDEO TELECONFERENCING FOR CRIMINAL PROCEEDINGS.— (1) IN GENERAL.—Subject to paragraphs (3), (4), and (5), if the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States, the chief judge of a district court covered by the finding (or, if the chief judge is unavailable, the most senior available active judge of the court or the chief judge or circuit justice of the circuit that includes the district court), upon application of the Attorney General or the designee of the Attorney General, or on motion of the judge or justice, may authorize the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, for the following events: (A) Detention hearings under section 3142 of title 18, United States Code. (B) Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure. (C) **Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure**. (D) Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure. (E) Arraignments under Rule 10 of the Federal Rules of Criminal Procedure. (F) Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure. (G) Pretrial release revocation proceedings under section 3148 of title

>18, United States Code. (H) Appearances under Rule 40 of the Federal Rules of Criminal Procedure. (I) Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure. (J) Proceedings under chapter 403 of title 18, United States Code (commonly known as the ''Federal Juvenile Delinquency Act''), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings.

Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), P.L. 116-136, Section 15002.

In both its legal and factual arguments, the government's positions are premised on an alternative factual universe. The District Court has video available. Attorneys have been provided laptops by their jobs that can be connected through the internet. There is no reason a preliminary hearing cannot be conducted by video.

For that reason, the government's reliance on *Carrillo-Villa* is unavailing. In *United States v. Carrillo-Villa*, 2020 WL 1644773, at *2 (S.D.N.Y. Apr. 2, 2020), the magistrate judge granted a continuance for extraordinary circumstances in light of that district's standing general order, the government's "specific" showing of witness unavailability, and the apparent assumption that the preliminary hearing would necessitate in-person proceedings. Critically, absent from the opinion and absent from the docket is any defense request or consent to conduct the proceedings by video. The assumption underlying the finding in *Carrillo-Villa* regarding the unavailability of witnesses and evidence was that the proceedings would be conducted in the courtroom with everyone physically present. In this case, Mr. Douglas consents to a preliminary hearing by video. Moreover, in this district, pursuant to the Chief Judge's Standing Order and Section 15002(b)(1) of the CARES Act, virtual preliminary hearings are authorized and are expected to occur. Third, the government in *Carrillo-Villa* "enumerate[d] a number of specific impediments to the holding of a preliminary hearing in this case," including the verified unavailability of "[m]ultiple law enforcement officials involved in this action, including at least


one official who resides outside of the tristate area," "[r]elevant evidence, such as Spanish-language recordings of telephone calls, could potentially be unavailable due to difficulty obtaining Spanish translations at this time," and the government also "pointed to certain sensitive information showing that there are other significant impediments to conducting a preliminary examination tomorrow or in the near future."[1] Here, by contrast, the government has offered generalities and hypothetical hardships and has made no specific showing of unavailability in a gun case.

The government gives no attention to *United States v. Summerfield*, a district court opinion that is factually on point. Case No. 2:20-cv-00713 APG-BNW.  This decision upheld a magistrate court's decision in circumstances very similar to those in this case.  Case 2:20-mj-00231-BNW. There, the magistrate court, in denying a government's Motion to Continue a Preliminary Hearing in a 18 U.S.C. 922 (g) prosecution where the prosecution made precisely the same arguments as here about the problems with video hearings.  The Court found that while "not ideal by any means [a preliminary hearing by video in previous cases] was not exceptionally difficult to undertake." *Id. at 2*.  The Court pointed out that in a 922 (g) case, the government's case should require "at the most, the testimony of two witnesses."  It thus concluded: "While there are extraordinary circumstances justifying not having this hearing in-person, this Court is hard pressed to find that, at least in this specific case, extraordinary circumstances exist that merit a delay of the preliminary hearing." *Id.*[2]

In addition, the government's proposal is short-sighted.  It is unclear when the Standing Order will be lifted and when the pandemic will end.  Simply putting off preliminary hearings,

---

[1] *United States v. Carrillo-Villa*, 2020 WL 1644773, at *2 (S.D.N.Y. Apr. 2, 2020).

[2] According to docket entries, the preliminary hearing in *Summerfield* was successfully conducted by video.

particularly for detained clients, amounts to an indefinite suspension of Due Process. A case such as this – a possessory offense after a street encounter – is the simplest kind of case that the government can present – this is precisely why the government cannot articulate any specific extraordinary circumstance.

The government proposes a ruling that ignores the clear purpose of emergency legislation passed to address this exact situation, as well as the procedures ordered by the Chief Judge of this Court. It asks the Court to give up on preliminary hearings, without even trying – all at the expense of Mr. Douglas' rights.

## CONCLUSION

There is no good cause to continue Mr. Douglas' preliminary hearing. Unless the government is ready to proceed, the defendant must be released from custody. 18 U.S.C. § 3060(d).

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500