UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 1:20-MJ-00068 (DAR)** |
| : | |
| **THEODORE DOUGLAS** : | |

## MOTION TO RECONSIDER ORDER GRANTING GOVERNMENT'S MOTION TO CONTINUE PRELIMINARY HEARING

Theodore Douglas, by and through his attorney, respectfully requests that this Court reconsider Magistrate Judge Robinson's Order granting of the government's Motion to Continue Preliminary Hearing until after the Chief Judge's Standing Order expires.

### Procedural History

On April 23, 2020, Mr. Douglas appeared for an initial appearance on a criminal complaint for Unlawful Possession of a Firearm under 18 U.S.C. 922 (g). On April 24, 2020, Mr. Douglas appeared for further discussion of his preliminary hearing. The Court set a Motions Hearing date for April 30, 2020 after the government requested time for briefing. On April 30, 2020, the Court granted the government's Motion to Continue Preliminary Hearing over objection. The defense indicated a willingness to waive his right to be physically present at the hearing and requested a hearing by video. The Preliminary Hearing was continued until June 11, 2020.

### The Court's Ruling and Invitation for a Motion to Reconsider

In granting the continuance, the Court made clear that its ruling was based solely on the technology that it understood was available. Specifically, the Court accepted the government's argument that because screen sharing technology was unavailable and because the government

wished to present body worn camera video, that conducting a preliminary hearing by video was not possible. The Court ruled: "My finding is based solely upon the absence of technology which would permit the Court to proceed as counsel for Mr. Douglas envisions." Tr. 4/30/20 at 23. The Court continued:

> However, at this time, neither "Zoom for Government" nor "screen share technology," at least as envisioned by counsel for Mr. Douglas, is available. I have no authority to order the court to make it available. The absence of availability is made imminently clear on the record as Mr. Cramer discussed in detail why this technology either does not operate as envisioned or the technology simply not be utilized by this court.
>
> So let me ask you please to agree upon a date, with the understanding that, if additional technology becomes available, you, Mr. Ohm may seek to advance the scheduling of the hearing.

Tr. 4/30/20 at 23-24.

## The Available Technology

Since the hearing, the Computer Systems Administrator for the Federal Public Defender, has been working with the Court's Information Technology Chief John Cramer. They have determined that screen sharing can be accomplished through the court's software in conjunction with software licensed by the Federal Public Defender and the U.S. Attorney's Office for the District of Columbia. Specifically, the defense can use RealPresence in conjunction with the court's VTC. The U.S. Attorney's Office can use RealPresence of Webex to conduct hearings.[1]

Given that the Court's singular concern - the ability for the parties to present evidence in a video hearing – is resolved, Mr. Douglas moves this Court to reconsider his request for a preliminary hearing, in accordance with the Court's Standing Order and the CARES Act.[2]

---

[1] Both offices will likely need to test the equipment prior to the hearing.

[2] This Court's Standing Order and the CARES act specifically addresses preliminary hearings by video:

Mr. Douglas has a right to a preliminary hearing within 14 days of his initial appearance date of April 23, 2020. Mr. Douglas continues to assert his right to a timely hearing and requests a preliminary hearing as soon as possible but no less than within seven days.

## CONCLUSION

Given the court's ability to conduct a video evidentiary hearing and the parties' ability to participate, this Court should grant Mr. Douglas' Motion to Reconsider the Granting of the

---

VIDEO TELECONFERENCING FOR CRIMINAL PROCEEDINGS.— (1) IN GENERAL.—Subject to paragraphs (3), (4), and (5), if the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States, the chief judge of a district court covered by the finding (or, if the chief judge is unavailable, the most senior available active judge of the court or the chief judge or circuit justice of the circuit that includes the district court), upon application of the Attorney General or the designee of the Attorney General, or on motion of the judge or justice, may authorize the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, for the following events: (A) Detention hearings under section 3142 of title 18, United States Code. (B) Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure. (C) **Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure**. (D) Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure. (E) Arraignments under Rule 10 of the Federal Rules of Criminal Procedure. (F) Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure. (G) Pretrial release revocation proceedings under section 3148 of title 18, United States Code. (H) Appearances under Rule 40 of the Federal Rules of Criminal Procedure. (I) Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure. (J) Proceedings under chapter 403 of title 18, United States Code (commonly known as the ''Federal Juvenile Delinquency Act''), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings.

Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), P.L. 116-136, Section 15002.

Government's Motion to Continue Preliminary Hearing. Mr. Douglas requests a preliminary hearing date prior to May 19, 2020.

                                             Respectfully submitted,

                                             A. J. KRAMER
                                             FEDERAL PUBLIC DEFENDER

                                                    /s/
                                            _____
                                             EUGENE OHM
                                             Assistant Federal Public Defender
                                             625 Indiana Avenue, N.W., Suite 550
                                             Washington, D.C.  20004
                                             (202) 208-7500