UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:20-MJ-00068 (DAR) |
| | : | |
| v. | : | |
| | : | |
| THEODORE DOUGLAS, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT DOUGLAS'S MOTION FOR RECONSIDERATION
OF ORDER CONTINUING THE PRELIMINARY HEARING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this memorandum in opposition to Defendant Theodore Douglas's Motion for Reconsideration of the Order Continuing the Preliminary Hearing (ECF No. 12) in this matter.  By way of argument, the Government provides the following facts:

PROCEDURAL HISTORY

On April 30, 2020, the Honorable Magistrate Judge Deborah A. Robinson conducted a hearing via teleconference on the Government's Motion to Continue the Preliminary Hearing (ECF No. 8).  After hearing argument from the parties, Magistrate Judge Robinson granted the government's motion to continue the preliminary hearing pursuant to Fed. R. Crim, Pro. 5.1(d). Specifically, Judge Robinson held that due to the "extraordinary circumstances" surrounding the COVID-19 health crisis, and consistent with Chief Judge Beryl A. Howell's standing order (*See* Standing Order 20-9 (BAH)), which seeks to "dramatically reduce the need to appear in person and the possible exposure of litigants" to the COVID-19 virus, the preliminary hearing would be continued until June 11, 2020.[1]  In support of the ruling, this Court noted the limitations on the

---

[1] Co-defendant Tavonte Williams's preliminary hearing is currently scheduled to occur on June 15, 2020.  In order to save time and judicial resources, the government would recommend that

VTC technology, including the inability to screen share, in conducting a full-blown evidentiary hearing like a preliminary hearing.

## ARGUMENT

In support of his motion for reconsideration, defense counsel asserts, "Since the hearing, the Computer Systems Administrator for the Federal Public Defender, has been working with the Court's Information Technology Chief John Cramer. They have determined that screen sharing can be accomplished through the court's software in conjunction with software licensed by the Federal Public Defender and the U.S. Attorney's Office for the District of Columbia. Specifically, the defense can use RealPresence in conjunction with the court's VTC. The U.S. Attorney's Office can use RealPresence of Webex to conduct hearings." Counsel for the defendant has once again misstated the facts to this Court in an effort to obtain a favorable ruling.[2]

Undersigned counsel for the government contacted this Court's Information Technology Chief, John Cramer, in order to confirm defense counsel's representations concerning the availability of screen sharing technology, specifically as it related to defense counsel's representations concerning the capabilities of the United States Attorney's Office to screen share during a video teleconference. As demonstrated by the attached email (Exhibit A), Mr. Kramer refuted the claims made by defense counsel in his motion, stating:

> Hi Steve – I'm starting to wonder where the "lost in translation" is occurring.
>
> Here is a reply I copied and pasted (yellow hi-light below) in an e-

---

Defendant Douglas's preliminary hearing be scheduled to take place with Co-defendant Williams's preliminary hearing, currently scheduled to take place on June 15, 2020.

[2] The government would note that during the initial appearance on April 24, 2020, in an effort to obtain the release of his client, defense counsel claimed without support that his client had a "drug problem." A subsequent review of the defendant's pretrial services reports dating back to 2013 did not support this claim.

mail to Tom Higgs, the FPD Systems Administrator, about them being able to share content over a VTC call.  As you can see, I told them that if they could figure out how to share content using a RealPresence program, and that said RealPresence program would connect to our VTC calls, then that was on them.  I also stated I had no idea what options were available to USAO staff.

If you want to share this reply with the Judge and/or Eugene Ohm, that is fine with me.

Mr. Cramer then attached the email chain he had with the Federal Public Defender (FPD) Service's Systems Administrator, which confirms that Mr. Cramer had no information that the U.S. Attorney's Office had developed a solution to the screen sharing issue with the Court's VTC platform, nor does Mr. Cramer's email indicate that any such solution had been confirmed and tested with FPD.  Accordingly, contrary to defense counsel's assertions, the status of the technological limitations related to screen sharing has not changed.  *See* ECF No. 12 at 2.  The government's understanding is that any solution to the screen sharing issue, or other technological hurdles to interfacing with the Court's VTC platform, must be coordinated with Mr. Cramer, must be secure, and must be tested prior to its use.  To the extent that any such solutions are being considered by the U.S. Attorney's Office, FPD, and the court, the government is unaware that any have been successfully tested.

Even if FPD does have ability to screen share through the Court's VTC platform, the U.S. Attorney's Office does not presently have that capability.  Accordingly, should the government forego presenting any video or photos during a preliminary hearing, but defense counsel was able to utilize screen sharing to present evidence, the government would likely be unable to respond effectively.  Undersigned counsel also understands that there are additional challenges to conducting evidentiary hearings using the currently available technology, including the inability shift to a private mode to allow for any of the participants to communicate privately, such as during

a sidebar with the Court.   Further, government counsel still faces the challenges of meeting with the witness to prepare the testimony for an evidentiary hearing, which would need to be conducted remotely due the COVID-19 crisis.   Undersigned counsel does not have information on what technology is available to the police witnesses to communicate remotely, particularly in watching body worn camera video or reviewing photos while preparing for the hearing.

Finally, defense counsel has failed to demonstrate any prejudice to the defendant by the delay in conducting the preliminary hearing.  As discussed during the April 30, 2020 hearing, the defendant has a parole warrant acting as a detainer, and therefore, he would not be released even if this case were dismissed as a result of a preliminary hearing.  The government has also turned over all available discovery to this this point, including the body worn camera footage.[3]

WHEREFORE, the United States respectfully requests that the Court deny the Defendant's Motion for Reconsideration of the Order Continuing the Preliminary Hearing.

Respectfully submitted,

TIMOTHY J. SHEA
D.C. Bar 437437
United States Attorney

By:      /s/*Steven B. Wasserman*
Steven B. Wasserman
Assistant United States Attorney
D.C. Bar No. 453251
555 Fourth Street, N.W.,
Washington, D.C. 20530
202-252-7719
Steve.wasserman@usdoj.gov

---

[3] Should the Court grant the defendant's motion for reconsideration and move up the date for the preliminary hearing, the government requests that the preliminary hearing be scheduled to occur on June 3, 2020, or a date thereafter, in order to allow the government time to prepare its witnesses and to ensure that any updated technological solutions to the Court's VTC platform are successfully tested by all parties.

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, by filing the foregoing via the Court's Electronic Case Filing System, I caused a copy of the foregoing to be delivered electronically to counsel of record, on May 18, 2020.

*  /s/ Steven Wasserman*
Steven B. Wasserman
