**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 20-cr-0121 (CJN)** |
| | : | |
| **THEODORE DOUGLAS** , | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S REPLY TO UNITED STATES' MOTION *IN LIMINE***
**TO ADMIT EVIDENCE PURSUANT TO FED. R. EVID. 404(b)**

  Defendant Theodore Douglas, by and through his attorney, hereby requests that this court deny the United States' motion *in limine*.  The United States seeks to introduce an array of bad acts that seek to demonstrate to the jury that Mr. Douglas has a propensity to commit crime.  The acts are: 1)  a seven year old gun conviction from Washington D.C.; 2) an eleven year old gun conviction from Maryland; 3) a photo, purportedly of Mr. Douglas possessing an alleged firearm in November 2019; 4) another photo, purportedly of Mr. Douglas possessing an alleged firearm sent in a text message in May 2019; 5) a third photo, purportedly of Mr. Douglas possessing an alleged firearm, taken about 14 years ago; 6) text messages, purportedly from Mr. Douglas, where the price of firearms is discussed; 7) a text message, purportedly from Mr. Williams to Mr. Douglas, of an unknown masked individual holding an AR-15 type of weapon. These requests, both individually and cumulatively, fall squarely within the Fed. R. Evid. 404(b)(1) prohibition on character evidence used to show that a defendant acted in accordance with a criminal character and must therefore be denied.  First, Mr. Douglas is willing to stipulate to the fact that he was previously convicted of a crime punishable by imprisonment for a term exceeding one year, rendering the name and nature of those convictions, as well as the photos, not relevant.  *Old Chief v. United St*ates, 519 U.S. 172, 190 (1997).  Second, the evidence the

government proposes to introduce is only relevant as impermissible character evidence, not as permissible evidence of knowledge, intent, or absence of mistake.  Finally, even if evidence of Mr. Douglas' prior bad acts is relevant for any purpose other than to show a criminal character, introducing such evidence has no probative value and is substantially outweighed by the risk of unfair prejudice.

## INTRODUCTION

Mr. Douglas is charged with one count of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year. On August 20, 2020, the government moved pursuant to Federal Rule of Evidence 404 to introduce the seven bad acts against Mr. Douglas. Gov't Mot., ECF No. 28.

The government alleges in this case that Mr. Douglas was possessing a firearm in a backpack that he put on minutes before the police stopped and arrested him.  According to police reports, a Metropolitan Police Department undercover officer claimed to see Mr. Williams give Mr. Douglas a Coach backpack and that Mr. Douglas immediately put onto the backpack underneath his jacket.  The officer also claimed that Mr. Douglas gave Mr. Williams an unknown amount of cash. Although the government attempts to cast the case as a constructive possession case to justify the admission of this extremely prejudicial evidence, ECF 28 at 24, this is not an allegation of constructive possession.  Mr. Douglas actually possessed the firearm – it was in a backpack that was on his back.  The remaining question at trial is whether Mr. Douglas knew he possessed the firearm.  Yet none of the government's proffered evidence is probative to Mr. Douglas' knowledge – except to show that Mr. Douglas has a propensity to possess guns and thus possessed the gun in this case.  The government wishes to introduce prior convictions simply because the government wants the jury to believe that Mr. Douglas has a propensity to

commit crimes and that it is reasonable to convict him on his past character, rather than based upon the evidence presented.

**ARGUMENT**

"Convictions are supposed to rest on evidence relevant to the crime charged, not on evidence of other, unrelated bad acts suggesting nothing more than a tendency or propensity to engage in criminality." *United States v. Sheffield*, 832 F.3d 296, 307 (D.C. Cir. 2016) (quoting *United States v. McGill*, 815 F.3d 846, 878 (D.C. Cir. 2016)). Thus, Rule 404(b) precludes the admission of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith." The rule against introducing character evidence, also known as "propensity evidence," is not based on the idea that the evidence of a defendant's character is irrelevant. On the contrary, it is based "on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds." *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985); *see also Michelson v. United States*, 335 U.S. 469, 475-76 (1948) (finding that prior bad acts evidence offered to show propensity "is said to weigh too much with the jury and to so overpersuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge").

A two-step test governs admissibility of evidence in connection with Rule 404(b) in the D.C. Circuit. First, the Court must determine whether the evidence is "probative of some material issue other than character." *United States v. Clark*, 24 F.3d 257, 264 (D.C. Cir. 1994). Second, if the Court finds the evidence relevant to a non-character issue, it still will be excluded if it is inadmissible under any other "general strictures limiting admissibility." *United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1989), *cert. denied*, 498 U.S. 825 (1990). Most

3

important among these strictures is Rule 403.  *United States v. Washington*, 969 F.2d 1073, 1081

(D.C. Cir. 1992).  Under Rule 403, prior crimes evidence will be excluded if its probative value

"is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury, or by . . . needless presentation of cumulative evidence." *United States v.

Long*, 328 F.3d 655, 662 (D.C. Cir. 2003); Fed. R. Evid. 403.  The government fails both steps

of the test in this case.

   A.  Details of Mr. Douglas' prior bad acts are not relevant to establish any element of the
       offense because Mr. Douglas will stipulate that he has been convicted of an offense
       where the maximum penalty exceeds one year imprisonment.

   The United States seeks to introduce information about Mr. Douglas' prior convictions,

including the charges of which Mr. Douglas was previously convicted.[1]  Additional details about

any previous convictions have no relevance to the crime charged and cannot be admitted.  *See

Old Chief v. United St*ates, 519 U.S. 172, 190 (1997) ("[T]he fact of the qualifying conviction is

alone what matters under the statute.").  As in *Old Chief*, § 922(g)(1) makes only the fact of Mr.

Douglas' previous conviction relevant to demonstrate an element of the offense.

   This court should follow the command of *Old Chief*, as stated by the D.C. Circuit:

"[accept] the defendant's stipulation and [keep] from the jury the name and nature of his prior

offense." *United States v. Clark*, 184 F.3d 858, 867 (1999).  In *Clark*, the D.C. Circuit Court of

Appeals affirmed the trial court when the prior conviction element of § 922(g) was "proven by a

stipulation that mirrored the words of the statute, with no mention made of the particular crime

involved." *Id.* at 865.  Similarly, a stipulation that Mr. Douglas "has been convicted in any court

---

[1] The defense is willing to stipulate that Mr. Douglas has been convicted of a crime punishable
by imprisonment for a term exceeding one year, which is the only information about the previous
conviction that is relevant to the current charge under 18 U.S.C. § 922(g)(1).

of, a crime punishable by imprisonment for a term exceeding one year" is the only information that is relevant to establish this element of the crime.

    B.  The United States offers this evidence as impermissible evidence of a criminal character.

The United States offers Mr. Douglas' previous convictions as evidence of his alleged knowledge, intent, or absence of mistake.  But the government fails in its attempt to convert the facts of this case to a constructive possession case so that it could rely on authority admitting this evidence.  "Actual possession exists when a person has direct physical control over a thing." *United States v. Henderson*, 575 U.S. 622, 627 (2015) (quoting Black's Law Dictionary 1047 (5th ed. 1979) (hereinafter Black's); 2A O'Malley § 39.12, at 55) "Constructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object." *Id.* (quoting Black's 1047; 2A O'Malley § 39.12, at 55.).  Here, the firearm was recovered in a backpack on Mr. Douglas' person. Because these facts do not allege constructive possession, the government fails to explain how evidence of the prior convictions will demonstrate knowledge, intent, or absence of mistake or accident.  The government instead groups all three different permissible uses of this evidence together and simply offers a blanket claim that this evidence fits those purposes.  To be admitted under 404(b), the evidence must be "probative of a material issue other than character."  *United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990) (citation omitted).  Plainly, the only reason that the United States seeks admission of these convictions is as evidence that Mr. Douglas is the type of person who illegally possesses guns, and that he probably did so this time, and it is probative of no other issues.

The government's argument misses the most critical link in its chain of inferences: how the defendant's prior gun possession conviction proves knowledge or absence of mistake related

to *this case*, which involves a different gun found in a backpack that he possessed.  *See United States v. Miller*, 673 F.3d 688, 699 (7th Cir. 2012) ("The availability of precedent that balances the relevance of bad acts evidence and decides to admit it does not excuse prosecutors or courts from asking in each new case whether and how prior bad acts evidence might be relevant, probative, and fair.").  The mere repeated invocation of words "knowledge" or "absence of mistake or accident" will not do.  "This tells us nothing about how the evidence accomplishes this task, and is insufficient to secure admission under Rule 404(b)."  *United States v. Caldwell*, 760 F.3d 267, 281-83 (3d Cir. 2014) (finding that government failed to articulate a "logical chain of inferences showing how [defendant's] prior convictions are relevant to show his knowledge").  Here the government's argument can be reduced in essence to the proposition that Mr. Douglas had knowledge of the gun because he has a criminal propensity to possess guns.

   C.  Even if the details of the prior convictions were relevant to show knowledge, motive, or
       absence of mistake, they are more prejudicial than probative.

       Relevant evidence may be excluded if the danger of unfair prejudice substantially outweighs the probative value of the evidence.  Fed. R. Evid. 403.  Furthermore, it is the government's burden to show that "the probative value of a prior conviction outweighs the prejudice to the defendant."  *United States v. Lipscomb*, 702 F.2d 1049, 1063 (D.C. Cir. 1983).  The government has failed to do so, in light of the long-established concern that the prejudice of hearing similar other crimes will irreparably taint a jury.

       In applying *Old Chief*, the Circuit remarked:

              The Court held that "whenever the official record offered by the government
              would be arresting enough to lure a juror into a sequence of bad character
              reasoning," evidence of the name or nature of a defendant's prior offense would
              be substantially more prejudicial than probative and hence barred under
              FED.R.EVID. 403. *Id*. at 185, 117 S.Ct. 644. "Where a prior conviction was for a
              gun crime or one similar to other charges in a pending case," as was Old Chief's

> prior conviction for assault, "the risk of unfair prejudice would be especially
> obvious." *Id.*

*United States v. Clark¸* 184 F.3d 858, 867 (D.C. Cir 1999).

This reasoning squarely applies here.  The government's request would invite the jury to reason that a person who had previously been convicted of possessing a firearm twice and texted about guns five other times must have also possessed this particular firearm and even has scary pictures with big firearms and masks must be guilty of this offense.  This evidence would irreparably prejudice Mr. Douglas and lead to his conviction.

The First Circuit similarly remarked that it is the rare case where the facts surrounding the prior conviction would outweigh the prejudice.  In *Tavares*, the Court found:

> Although we cannot now conceive of circumstances in which the probativeness of the facts surrounding the prior conviction would outweigh the prejudice to the defendant from admission of those details, there may be permutations that presently escape our vision. We therefore do not announce a per se rule of exclusion. Even in such unusual circumstances, however, evidence beyond the fact of the prior conviction is inadmissible absent adequate trial court findings that its noncumulative relevance is sufficiently compelling to survive the balancing test of Fed.R.Evid. 403.

*Tavares*, 21 F.3d at 5.

The United States has offered no reason why it needs evidence of Mr. Douglas' prior bad acts in order to show knowledge, intent, and absence of mistake.  Because the only probative purpose for admission of these convictions is cumulative, and the prejudicial effect to Mr. Douglas is overwhelming, the evidence should be excluded.[2]

Finally, the United States argues that the prior convictions have "a close relationship to the event charged" and therefore should be admitted, relying upon *United States v. Thorne*, 2020 WL 122985 (D.D.C. 2020).  In that case, however, the court explained that prior convictions for

---

[2] Moreover, with the introduction of each piece of evidence, the probative value diminishes and the unfair prejudice to Mr. Douglas substantially increases.  If assuming arguendo, one bad act is admissible, the government fails to articulate the probative value for any of the other six bad acts.

drug distribution offenses for large quantity of drugs was probative because the government was alleging constructive possession. Moreover, the bad acts were closely related to the charged offense because they demonstrated his intent to distribute, and because the prior conviction showed an expertise necessary to possess and distribute a significant amount of narcotics. *Id.* at *19. In contrast, the government here does not explain how it is necessary to introduce a prior conviction to demonstrate a simple possessory act – particularly offenses that occurred years ago. There is no nexus between the firearms involved in the proffered evidence and this particular firearm. This evidence should be excluded based there is no proximity, temporal or otherwise, to the charged offense.

In addition, the danger of unfair prejudice clearly far outweighs the probative value of this evidence because there is no legitimate probative value. *Old Chief* makes clear that introducing the nature of prior convictions creates a substantial risk of unfair prejudice: "there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant." 519 U.S. at 185. As the risk of unfair prejudice is great and there is no legitimate probative value, the prior bad acts should be excluded.

## CONCLUSION

For the reasons set forth herein, the government should not be permitted to introduce Mr. Douglas' prior bad acts. Only the fact of a previous conviction punishable by imprisonment for a term greater than one year should be admitted.

Respectfully submitted,

A. J. Kramer
Federal Public Defender


_____/s/_____
Eugene Ohm
Assistant Federal Public Defender
625 Indiana Ave NW, Suite 550
Washington, D.C. 20004
(202) 208-7500