```
                 IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
       - - - - - - - - - - - - - - - - x
       THE UNITED STATES OF AMERICA,
                                           Criminal Action No.
                      Plaintiff,           1:20-cr-00121-CJN

                                           Friday, July 31, 2020
       vs.                                 10:16 a.m.

       TAVONTE WILLIAMS and
       THEODORE B. DOUGLAS,

                      Defendant(s).
       - - - - - - - - - - - - - - - - x
       _____

              TRANSCRIPT OF INITIAL STATUS CONFERENCE
             HELD BEFORE THE HONORABLE CARL J. NICHOLS
                    UNITED STATES DISTRICT JUDGE
       _____
       APPEARANCES:
       For the United States:     STEVEN B. WASSERMAN, ESQ.
                                  U.S. ATTORNEY'S OFFICE
                                  555 Fourth Street, NW
                                  Washington, DC 20530
                                  (202) 252-7719
                                  steve.wasserman@usdoj.gov

       For Defendant Williams:    JOHN PETER MARSTON, ESQ.
                                  FOLEY HOAG LLP
                                  1717 K Street, NW
                                  Washington, DC 20006
                                  (202) 261-7321
                                  jmarston@foleyhoag.com

       For Defendant Douglas:     EUGENE OHM, ESQ.
                                  FEDERAL PUBLIC DEFENDER
                                  625 Indiana Avenue, NW
                                  Washington, DC 20004
                                  (202) 208-7500
                                  eugene_ohm@fd.org

       Court Reporter:            Lisa A. Moreira, RDR, CRR
                                  Official Court Reporter
                                  U.S. Courthouse, Room 6718
                                  333 Constitution Avenue, NW
                                  Washington, DC  20001
                                  202-354-3187
```

```
 1                      P R O C E E D I N G S
 2              THE COURTROOM DEPUTY:  This is Criminal Case Year
 3     2020-121, United States of America vs. Tavonte Williams,
 4     Defendant No. 1, and Theodore B. Douglas, Defendant No. 2.
 5              Counsel, please introduce yourselves for the
 6     record, beginning with the government.
 7              MR. WASSERMAN:  Good morning, Your Honor; Steven
 8     Wasserman on behalf of the United States.
 9              THE COURT:  Mr. Wasserman, good morning.
10              MR. MARSTON:  John Marston for Tavonte Williams.
11              THE COURT:  Mr. Marston, good morning.
12              MR. MARSTON:  Good morning.
13              MR. OHM:  Eugene Ohm on behalf Defendant Douglas.
14     Good morning, Your Honor.
15              THE COURT:  I apologize.  You cut out there just a
16     bit, Mr. Ohm.
17              MR. OHM:  Yes, Eugene Ohm on behalf of
18     Mr. Douglas.  Good morning.
19              THE COURT:  Good morning, Mr. Ohm.
20              So before we begin, I think I just need to ensure
21     that we have, pursuant to the standing orders, the
22     defendants' consent to proceed this morning by
23     videoconference and, I take it, by teleconference because I
24     believe one of the defendants is having trouble dialing into
25     the videoconference; is that correct?
```

1           MR. MARSTON:  That's correct, Your Honor.
2   Mr. Williams was dialed in by video and had a little issue
3   keeping the video going so he's dialed in by phone.  And
4   yes, I have his consent to proceed in this manner.
5           THE COURT:  Thank you.
6           Mr. Ohm?
7           MR. OHM:  Mr. Douglas also consents to a video
8   hearing, Your Honor.
9           THE COURT:  All right.  So I think I have an
10  understanding of where we are in this matter.  I believe one
11  of the defendants has been arraigned, and one has not.
12          Ms. Lesley, could you arraign the defendant who
13  has not been arraigned, please.
14          THE COURTROOM DEPUTY:  Mr. Ohm, in the indictment
15  in which your client, Mr. Douglas, is charged with 18 USC
16  922(g)(1), unlawful transport of firearms, how does your
17  client wish to plead?
18          MR. OHM:  Mr. Douglas will waive formal reading of
19  the indictment, enter a plea of not guilty, assert his Fifth
20  and Sixth Amendment rights for this and all future
21  proceedings, and we request a speedy trial, a motion
22  schedule, and a motions hearing date.
23          THE COURTROOM DEPUTY:  Thank you.
24          THE COURT:  Okay.  So where are things?
25          Mr. Wasserman, do you want to begin?  Obviously

1     Mr. Ohm has preserved and requested a motions hearing, but,
2     you know, in general, where are we going?  Is there going to
3     be a plea proffered, or are we going to trial?
4             MR. WASSERMAN:  Good morning, Your Honor; Steven
5     Wasserman again.
6             First of all, I'll just update the Court on the
7     status of discovery.  The bulk of the discovery has been
8     provided.  I'm awaiting DNA results, which I expect to get
9     within the next week or two, and there is a digital evidence
10    production that I expect to produce either -- well, if it
11    hasn't already been produced, it will be produced by next
12    week.
13            I have discussed a possible plea with both counsel
14    and have been informed that neither defendant is interested
15    in a plea at this time, so I think we're in a posture of
16    setting a motions date, a motions schedule.
17            THE COURT:  Thank you.
18            Do either defense counsel want to add anything to
19    that?  I suppose we can then talk about scheduling.
20            MR. MARSTON:  This is John Marston.  I don't
21    believe I have anything to add to that and would agree that
22    we would like a motions schedule and hearing date, and we
23    can set a trial date as well at this time.
24            THE COURT:  Mr. Ohm?
25            MR. OHM:  Yes, on behalf of Mr. Douglas, to the

1    extent that the government is going to have any trouble
2    getting all of the DNA discovery in a timely fashion, I just
3    want to let Mr. Wasserman know that we would like a full DNA
4    discovery, including the bench notes, the raw data, and the
5    electropherograms, so if I could ask Mr. Wasserman to order
6    the case file while he -- when he gets the initial
7    disclosure so we don't lose any time that way, I would
8    appreciate that.
9              MR. WASSERMAN:  Your Honor, this is Steve
10   Wasserman.
11             I don't really have control over how the DNA
12   information is produced to me.  Typically we get a report.
13   I believe we typically get the case file, but the FBI is
14   doing this testing, and I have not had the FBI do DNA
15   testing in quite some time so I'm not exactly sure what
16   their procedures are.  But we'll obviously make every effort
17   to produce the materials as soon as possible.
18             THE COURT:  Thank you.
19             Mr. Marston, I certainly understand your desire to
20   set a trial date.  I think that is, put it this way, a
21   little complicated at the moment because I can't say that I
22   have a perfect sense of when trials are likely to resume.
23   There's some notional dates for resumption of trials that
24   the Court has.  There's been some discussion about whether
25   those dates will hold.  And then obviously scheduling trials

1    thereafter can become complicated, and I don't have a great

2    sense -- and I'm not sure, Ms. Lesley, whether you do --

3    about what the next available trial date will be for me and

4    the court given the logistical complications.

5            My suggestion would be -- unless, Ms. Lesley, you

6    happen to know all this information -- would be for us to

7    set a motions schedule and date for us to go back and better

8    understand where we might likely fit into the overall

9    schedule and then, perhaps, have, even before that motions

10   hearing date, a conference to discuss trial dates.

11           MR. MARSTON:  That sounds fine, Your Honor.  I

12   appreciate that.

13           THE COURTROOM DEPUTY:  And, Judge, I do not have

14   any idea of any solidified date of when trials will resume.

15   I believe the last date that was suggested may be September

16   sometime, but, as I say, it's not confirmed.

17           THE COURT:  Yes, it's complicated by the fact that

18   at least under the current set of rules we can probably only

19   conduct a couple of trials at the same time in the space

20   that's available.  And I know that there is a master

21   schedule for trials.  I just don't know where within that we

22   could possibly fit.

23           As we explore this question, what is the parties'

24   sense about how long of a trial we are looking at?

25           MR. WASSERMAN:  Your Honor, this is Steven

```
 1    Wasserman again for the government.
 2              Excluding jury selection, which I imagine, you
 3    know, could be more complicated given the current set of
 4    circumstances, I would say the trial will be about a day and
 5    a half to two days, excluding jury selection.  That's just
 6    sort of being on the liberal side in terms of timing.  I
 7    mean, I would expect between about five and ten witnesses
 8    for the government.
 9              THE COURT:  Thank you.
10              Defense counsel, do you have a different view?
11              MR. MARSTON:  This is John Marston.  No, Your
12    Honor, I think that sounds right.  It certainly would be --
13    I would expect certainly less than two days.
14              MR. OHM:  And on behalf of Mr. Douglas, I would
15    agree with that, Your Honor.
16              THE COURT:  Okay.  That's very helpful.  Thank
17    you.
18              So after we get off the call here, we'll start
19    working on whether there's a way we could squeeze in
20    somewhere what I understand is already a pretty busy
21    schedule.  We'll call it a two-day trial independent of jury
22    selection.  That's helpful.
23              So now as to motions, what did defense counsel
24    have in mind by way of schedule?  And have you discussed the
25    schedule with the government?
```

1    MR. MARSTON:  This is John Marston, Your Honor.
2    I have not discussed a motions schedule with
3    Mr. Wasserman, although I'd certainly be happy to do so.  I
4    guess I would say -- I mean, in light of the -- you know, in
5    light of the likelihood of trial certainly not being before
6    mid- to late September, I think 30 days to file motions with
7    a hearing date thereafter sounds fine to me.  Although I'm
8    happy to go with a different time frame if the other parties
9    involved would like.
10   THE COURT:  Mr. Ohm, how does that sound to you?
11   MR. OHM:  Your Honor, I was going to suggest three
12   weeks for initial motions and two weeks and then two weeks.
13   THE COURT:  Mr. Marston, would that be okay with
14   you?
15   MR. MARSTON:  Yes, that's fine.
16   THE COURT:  Mr. Wasserman?  So you're looking at
17   motion to --
18   MR. WASSERMAN:  Your Honor --
19   THE COURT:  Sorry, go ahead.
20   MR. WASSERMAN:  Yes, I just -- I have a tentative
21   trial scheduled before Judge Boasberg that starts on
22   September 21st.  I will know whether that date is moving
23   forward by August 17th, which is when Judge Boasberg told us
24   he would have an answer as to whether, you know, that trial
25   will move forward.  I think there's a better-than-average

1    chance that it won't go forward, but I say that just to let
2    the Court know what my schedule or I anticipate my schedule
3    being, you know, in the latter part of September.
4            And I planned on being on leave the week of the
5    14th, but -- so beyond that -- I mean, I don't have a
6    problem if the Court wants to schedule a motions hearing the
7    week of September 21st or after that because I think I won't
8    be in trial.  I just wanted to give the Court a heads up
9    about that.
10           I mean, I guess if we're in kind of a pinch and I
11   was unavailable, somebody else might be able to argue the
12   motions in my stead, but I just want to let the Court know.
13           THE COURT:  I think it's fair to say that at this
14   time we're all going to have to be relatively flexible both
15   about other matters and just the possibility that things
16   might move even more than one might expect otherwise.
17           So why don't we do this.  Why don't we have the
18   defense motions filed on August 21st, the government
19   oppositions due on the 4th of September, and the defense
20   motion -- sorry, the defense replies due on the 18th of
21   September.  We'll set a hearing for September 24th at
22   10:00 a.m. but, of course, with the understanding that you
23   have -- that Mr. Wasserman has a trial that is possible and
24   that because -- but because of that trial and because of the
25   ever-changing nature of court operations in light of the

1    pandemic we'll have to be flexible.  And if that hearing
2    needs to move a little bit, we will -- we'll do that.  That
3    won't be a problem, Mr. Wasserman.
4            MR. WASSERMAN:  I appreciate that, Your Honor.
5            THE COURT:  Yes, and then obviously, you know, if
6    Mr. -- sorry, if Judge Boasberg's trial slips, that
7    obviously makes it very likely that for similar reasons any
8    trial here will slip.  Obviously we don't have a date yet,
9    but we'll just have to be flexible about that.
10           So with that, we'll get a minute order out with
11   the schedule for the motions and the motions hearing.
12           Are there any other matters that we should discuss
13   this morning?
14           MR. WASSERMAN:  Your Honor, this is the
15   government, again, Steve Wasserman.
16           I would anticipate filing 404(b) and 609 motions,
17   which I can file on the 21st of August.
18           THE COURT:  Why don't we say this, then, just to
19   make it generally applicable.  All pretrial motions that
20   will be filed are due on the 21st, and then oppositions on
21   the dates that we already discussed and replies and the
22   hearing date on the date that we discussed regardless of
23   who's filing the motion.
24           MR. OHM:  Your Honor, on behalf of Mr. Douglas,
25   would it make sense to also set an expert notice deadline on

```
 1    one of those dates in case it might trigger any additional
 2    motions?
 3              THE COURT:  Yes, that's a fair point.  What do you
 4    have in mind?
 5              MR. OHM:  Maybe on September 4th we -- the
 6    government can provide expert notice, or we can all provide
 7    expert notice.
 8              THE COURT:  Any objection to that from the
 9    government or Mr. Marston?
10              MR. MARSTON:  Not by Mr. Williams.
11              MR. WASSERMAN:  I'm sorry, what was, Judge, the
12    date?
13              MR. OHM:  September 4th.
14              MR. WASSERMAN:  For expert notice?  That's fine.
15              THE COURT:  Okay.  We'll do that, too.  Thank you
16    for raising that.
17              Any other matters to discuss this morning?
18              MR. WASSERMAN:  Nothing from the government, Your
19    Honor.
20              MR. MARSTON:  Nothing from the defense.
21              THE COURT:  Where are we on the Speedy Trial Act?
22    Mr. Wasserman, do you have a sense?
23              MR. WASSERMAN:  Your Honor, at this time I don't
24    believe any time has tolled on the -- correction, any time
25    has expired on the speedy trial clock because of the Court's
```

```
1    standing order, although I've not -- given the Court -- it's
2    my understanding that the time for trials is tolled until is
3    it still August 1st or -- I'm a little bit hazy on the
4    details --
5              THE COURT:  I think it's --
6              MR. WASSERMAN:  -- I'm sorry.
7              THE COURT:  That's okay.  I think it's also a
8    little unclear whether that standing order needs to be
9    adopted in individual cases if it sort of sets the framework
10   up that there still needs to be findings, so why don't we
11   just do this.  I find that, in light of the standing orders
12   entered by Chief Judge Howell relating to the pandemic, that
13   the ends of justice are best served and outweigh the
14   interest of the public and the defendants to have a speedy
15   trial, and the time between today's date and the motions
16   date -- motions hearing date of September 24th shall be
17   excluded in time in which the trial will commence in this
18   case under the Speedy Trial Act.
19             I think that takes care of it, whether --
20             MR. WASSERMAN:  Your Honor --
21             THE COURT:  I'm sorry?
22             MR. WASSERMAN:  -- for the record, I believe
23   defense motions, which I assume will likely be a motion to
24   suppress, will toll the speedy trial until the motions are
25   disposed of.
```

```
 1                THE COURT:  Yes, when filed, that's correct, I
 2   believe.
 3                MR. WASSERMAN:  Yes.  So I guess we're covered
 4   either way.
 5                THE COURT:  Yes, I just thought for the -- given
 6   the particularly curious times we find ourselves in, I
 7   thought it was just --
 8                MR. WASSERMAN:  Yes.
 9                THE COURT:  -- in the better part of value to do
10   an individualized order here that covers us.
11                Anything else we should discuss this morning,
12   Counsel?
13                MR. MARSTON:  Not from Mr. Williams.
14                MR. WASSERMAN:  Not from the government.
15                MR. OHM:  So, Your Honor, do you want to set the
16   status date before the motion's date now, or do you prefer
17   to call us in?  I'm sorry, I might have misheard Your Honor,
18   but I thought --
19                THE COURT:  I think why don't we do this.  No, I
20   don't want to set that date because I'm not exactly sure how
21   long it's going to take us to figure this out.  What I would
22   prefer to do is let us do some digging on our end about when
23   available trial dates might be, and when we have a better
24   sense of that, Ms. Lesley will contact the three parties and
25   see when we can arrange for what I think will probably be
```

```
 1    just a teleconference, but that would be hopefully well in
 2    advance of September 24th.  That's what I had in mind.
 3              MR. OHM:  Very well, Your Honor.  Thank you.
 4              THE COURT:  Okay.  Thank you, all.  We'll see you
 5    on September 24th, and we'll very likely speak before then.
 6              MR. WASSERMAN:  Thank you, Your Honor.
 7              MR. MARSTON:  Thank you, Your Honor.
 8              MR. OHM:  Thank you, Your Honor.
 9                   (Whereupon the hearing was
10                    concluded at 10:36 a.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF OFFICIAL COURT REPORTER**

I, LISA A. MOREIRA, RDR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

**NOTE:** This hearing was held during the COVID-19 pandemic stay-at-home restrictions and is subject to the technological limitations of court reporting remotely.

Dated this 25th day of June, 2021.

/s/Lisa A. Moreira, RDR, CRR
Official Court Reporter
United States Courthouse
Room 6718
333 Constitution Avenue, NW
Washington, DC 20001